## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Latoya Green, | : |
| | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| Westlake Services, LLC d/b/a Westlake | : |
| Financial Services; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |
| | : |

Civil Action No.: _____

## COMPLAINT

Plaintiff, Latoya Green, says by way of Complaint against Defendant, Westlake

Financial, as follows:

## JURISDICTION

1.       This action arises out of Defendants' repeated violations of the Telephone

Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.       Venue is proper in the U.S. District Court for the District of New Jersey pursuant

to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

3.       The Plaintiff, Latoya Green ("Plaintiff"), is an adult individual residing in

Willingboro, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(39).

4.       Defendant Westlake Services, LLC d/b/a Westlake Financial Services

("Westlake"), is a California business entity with an address of 4751 Wilshire Boulevard, #100,

Los Angeles, California 90010, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Agents") are individual employees and/or agents employed by Westlake and whose identities are currently unknown to Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.      Westlake at all times acted by and through one or more of the Agents.

## FACTS

7.      Within the last year, Westlake contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

8.      At all times mentioned herein, Westlake called Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice ("automated calls").

9.      When Plaintiff answered the automated calls, Westlake used an automated or prerecorded voice advising Plaintiff to hold for the next available customer service representative.

10.     Other times, Plaintiff was met with a period of silence followed by an automated click at which point the call was transferred to a Westlake operator.

11.     The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

12.     Plaintiff acknowledges the existence of the Debt, but is without adequate means with which to repay it.

13.     In March 2014, Plaintiff spoke with a live representative whom she advised that she was experiencing financial difficulties and could in no way afford to pay the Debt at this time. Plaintiff further advised that she would repay the Debt as soon as she her financial condition improved and requested that all calls to her cease.

14.     Despite being advised that Plaintiff was unable to pay the Debt and requested to stop the calls, Westlake continued to place automated calls to Plaintiff at an excessive and harassing rate, calling Plaintiff daily, sometimes several times per day.

15.     Moreover, in response to Plaintiff's requests to cease the calls, Westlake stated that the calls would continue as they were computer generated.

16.     The calls were annoying to Plaintiff and intruded on her right to be free from invasions of her privacy.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

19.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

20.     Defendants' telephone systems have all the earmarks of a Predictive Dialer.

21.     Oftentimes when Plaintiff answered the phone, Defendants' telephone system did not connect the call to a live representative and the phone system would terminate the call.

22.     Often times when Plaintiff answered the phone, she was met with a period of silence before Defendants' telephone system would connect her to the next available representative.

23.     Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24.     Defendants contacted Plaintiff by means of automatic telephone calls to her cellular phone knowing that it lacked consent to call her number in light of her revoking her consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

25.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.     Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

27.     As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

28.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31.     New Jersey further recognizes Plaintiff's right to be free from invasions of privacy.  Thus, the Defendant violated New Jersey state law.

32.     The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

33.     The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

34.     As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

5

35.     All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.     Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2.     Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3.     Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 22, 2014

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax:    (888) 953-6237